IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KAREN CHRISTIAN

       Plaintiff,

v.                                                                              No. 2:16-cv-02672-JTF-cgc

DELTA AIRLINES,

       Defendant.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND (D.E. # 19)
DEFENDANT'S MOTION TO DISMISS (D.E. # 10)

I.     Introduction and procedural history

Plaintiff Karen Christian filed this action *pro se* on August 17, 2016 pursuant to 42 U.S.C. Section 1983 alleging that Defendant Delta Airlines deprived Plaintiff of her civil rights when they "submitted a fraud on commercial aircrafts." (D.E. # 1) On October 10, 2016, Defendant filed its Motion to Dismiss for failure to state a claim alleging that Plaintiff served Defendant with a copy of the summons but failed to serve Defendant with a copy of the Complaint. (D.E. # 10) Defendant filed a supplemental brief on October 28, 2016 alleging as further grounds for dismissal lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim for which relief can be granted under Rules 12(b)(1), (5), and (6) respectively of the Federal Rules of Civil Procedure. (D.E. # 14) On November 3, 2016, Peggy J. Lee entered an appearance on behalf of Plaintiff and on November 14, 2016, Ms. Lee filed a Motion for Extension of Time to respond to the Motion to Dismiss (D.E. # 17). On January 18, 2017, Plaintiff filed a Motion to

1

Amend / Correct her Complaint. (D.E. # 19) On February 15, 2017, the motions at docket entries 10, 17 and 19 were referred to the undersigned for disposition. (D.E. # 22) On May 23, 2017, Plaintiff's motion for an extension of time to respond to the Motion to Dismiss was granted and she was allowed up to and including June 5, 2017 in which to file her response. To date, no response has been filed. For the reasons set forth herein, it is recommended that Plaintiff's Motion to Amend be DENIED and that Defendant's Motion to Dismiss be GRANTED.

## II.     Motion to Amend

Where there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint. *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988). Leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Court should deny leave "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). The court must have knowledge of the substance of the proposed amendment to determine whether "justice so requires," and does not abuse its discretion by denying leave where the plaintiff fails to submit a proposed amended complaint or otherwise disclose what amendments he intended to make. *Roskam Baking Co. v. Lanham Machinery Co.*, 288 F.3d 895, 906 (6th Cir. 2002).

Plaintiff did not attach a proposed amended complaint to appraise the Court and the Defendant of what amendments Plaintiff plans to make. Plaintiff's motion states only that "an Amended Complaint will correct the issues raised by Defendant's Motion to Dismiss." (D.E. # 19-1, ¶ 8) There is no way for the Court to assess with this limited information whether "justice so requires" amendment of the Complaint. It is therefore RECOMMENDED that Plaintiff's

2

Motion to Amend her Complaint be DENIED.

### III. Motion to Dismiss

Defendant's Motion to Dismiss argues that the Complaint should be dismissed under multiple theories. First, Defendant states that because only the summons was served on Defendant instead of the summons and complaint, the complaint must be dismissed. Next, Defendant states that the entire statement in support of relief – "Delta Airlines submitted Fraud on Commercial Aircrafts" – does not state a claim for relief for 42 U.S.C.§ 1983, fraud, retaliation or conspiracy claim, thus requiring dismissal under Rule 12(b)(6).

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint may be dismissed if the Court finds that there was "insufficient service of process. Fed. R. Civ. P. (12)(b)(5). Rule 4(c) states, "A summons *must* be served with a copy of the complaint. The plaintiff is responsible for having the summons and *complaint* served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1) (emphasis added). Because Plaintiff paid the case initiation fee, she was responsible for ensuring that service is completed consistent with Rule 4. See, docket entry 2 and 6. Rule 4(l)(1) requires that proof of service be made by the server's affidavit. Service of the summons and complaint may only be made by a person over the age of 18 and not a party to the case. Fed. R. Civ. P. 4(c)(2) The return of executed summons at docket entry 7 has only a photocopied return receipt post card as the second page and not a signed affidavit as required by the Rule. There is no affidavit from the person responsible for service stating that a complaint and summons were served on Defendant.

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Sixth Circuit has stated, "The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Hendrock v. Gilbert*, 68 F. Appx. 573, 574 (6th Cir. 2003).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. Federal courts must determine that they have jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94–95, 118 S.Ct. 1003,

140 L.Ed.2d 210 (1998). Subject matter jurisdiction is based on a claim arising out of federal law (28 U.S.C.§ 1331) or civil actions where there is diversity of citizenship and an amount in controversy in excess of $75,000.00 (28 U.S.C.§ 1332).

While this case is styled as a case proceeding under 42 U.S.C.§ 1983, there is no factual basis in the complaint to support such a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). In this case, Plaintiff does not allege either a deprivation of rights or that Defendant was acting under color of state law. Plaintiff does not state any other jurisdictional basis for this complaint.

The Court also does not appear to have diversity jurisdiction which would allow the court to address the substance of Plaintiff's claims of fraud, retaliation or conspiracy. Plaintiff does not allege that any of these claims are made pursuant to the U.S. Constitution or federal statute. Diversity of citizenship means that the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). A federal court has jurisdiction under § 1332 only if there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct. 606, 613, 163 L. Ed. 2d 415 (2005) (citations omitted). "To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983); see also *Johnson v. New York*, 315 F. App'x 394, 395 (3d Cir. 2009) (per curiam) ("To invoke diversity jurisdiction, Johnson was required to plead that he is a citizen of a particular state and that the defendants are citizens of a different state or states."); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (complaint did not properly allege diversity jurisdiction); *Leys v. Lowe's Home Centers, Inc.*, 601 F. Supp. 2d 908, 912-13

(W.D. Mich. 2009) (complaint and notice of removal did not adequately establish diversity jurisdiction); *Ellis v. Kaye-Kibbey,* No. 1:07-cv-910, 2008 WL 2696891, at *2-3 (W.D. Mich. July 1, 2008) (dismissing complaint without prejudice for failure adequately to allege facts establishing diversity of citizenship despite conclusory allegation that diversity existed); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2004). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The Complaint does not allege that there is diversity jurisdiction in this case. Plaintiff is a resident of Mississippi and the Complaint does not allege her citizenship. The Complaint does not allege the citizenship or the principal place of business of Delta Airlines. Even if one were to assume that there is diversity of citizenship, the complaint gives no indication of the amount in controversy. Hence, there is no evidence on the face of the complaint of diversity jurisdiction. Therefore, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED on the grounds of insufficient service of process, lack of subject-matter jurisdiction or failure to state a claim for which relief may be granted.

Signed this 9th day of June, 2017.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**