# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| KAREN CHRISTIAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:16-cv-02672-JTF-cgc |
| DELTA AIRLINES, | ) ) ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Delta Airlines' ("Defendant") Motion to Dismiss and Karen Christian's ("Plaintiff") Motion to Amend Complaint and for Stay of Ruling on Motion to Dismiss. (ECF Nos. 10 & 19). Defendant filed a Response in Opposition to the Motion to Amend on January 24, 2017. (ECF No. 21). These motions were referred to Magistrate Judge Charmiane G. Claxton for determination and/or report and recommendation as appropriate on February 15, 2017. (ECF No. 22). Magistrate Judge Claxton issued her Report and Recommendation on June 9, 2017. (ECF No. 24). To date, no objections have been filed.

After a *de novo* review, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation.

## LEGAL STANDARD

**Standard for District Court's Review of a Report and Recommendation**

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). These

1

referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. Fed. R. Civ. P. 72. The referrals may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may adopt or not. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge's order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 310, 2003 WL 21321184, *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

## ANALYSIS

### Motion to Amend

On January 18, 2017, Plaintiff filed a Motion to Amend Complaint. (ECF No. 19). Pursuant to Fed. R. Civ. P. 15(a)(2), "[T]he court should freely give leave when justice so

requires." However, the right to amend is not absolute, and a court can deny leave based on a finding of "undue delay, bad faith, dilatory motive, or futility." *Crestwood Farm Bloodstock v. Everest Stables, Inc.,* 751 F.3d 434, 444 (6th Cir. 2014); *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008).

The Magistrate Judge recommends that Plaintiff's Motion to Amend be denied because Plaintiff failed to attach a proposed Amended Complaint to appraise the Court and Defendant of what amendments Plaintiff planned to make. The Magistrate Judge reasoned that "[t]here is no way for the Court to assess with this limited information whether 'justice so requires' amendment of the Complaint." (ECF No. 24 at 2). This Court agrees. For the reasons cited by the Magistrate Judge, and because the record clearly shows "undue delay", Plaintiff's Motion to Amend Complaint is **DENIED**.

### Motion to Dismiss

On September 14, 2016, Defendant filed a Motion to Dismiss. (ECF No. 10). Plaintiff filed a Motion for Extension of Time to File Response to Defendant's Motion to Dismiss on November 11, 2016. (ECF No. 17). The Magistrate Judge entered an Order granting Plaintiff's motion on May 23, 2017. (ECF No. 23). To date, Plaintiff has not filed a Response to Defendant's Motion to Dismiss. The Magistrate Judge recommends that Defendant's Motion to Dismiss be granted on the grounds of 1) insufficient service of process, 2) lack of subject-matter jurisdiction, or 3) failure to state a claim for which relief may be granted.

1. **Insufficient Service of Process**

Under Fed. R. Civ. P. 12(b)(5), a complaint may be dismissed if the Court finds that there was "insufficient service of process." Fed. R. Civ. P. 4(c)(1) states that "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and

complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." The Magistrate Judge stated that because Plaintiff paid the case initiation fee, she was responsible for ensuring that service is completed consistent with Rule 4. (ECF No. 24 at 3). However, the return of the executed summons did not have a signed affidavit as required by Rule 4(l)(1). *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Therefore, service was improper.

**2. Lack of Subject-Matter Jurisdiction**

Federal courts must determine that they have jurisdiction before proceeding to the merits of a case. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998). Fed. R. Civ. P. 12(b)(1) permits the dismissal of a complaint for "lack of subject-matter jurisdiction." "When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes." *Robinson v. Ohio, Dep't of Dev.*, 69 F. App'x 204, 205 (6th Cir. 2003) (citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

> The Magistrate Judge, in relevant part, stated
>
> [w]hile this case is styled as a case proceeding under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and law" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). In this case, Plaintiff does not allege either a deprivation of rights or that Defendant was acting under color of state law. Plaintiff does not state any other jurisdictional basis for this complaint.

(ECF No. 24 at 5). The Magistrate Judge also stated that the Court "does not appear to have diversity jurisdiction which would allow the court to address the substance of Plaintiff's claims of fraud, retaliation, or conspiracy." (*Id.*).

Although *pro se* complaints are held to a less stringent standard than pleadings drafted by lawyers, they are not exempt from the requirements of the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted). Furthermore, Plaintiff retained counsel in this matter on November 3, 2016. (ECF No. 16).

Here, Plaintiff's Complaint does not include any facts to create a federal question. Additionally, the Complaint lacks sufficient information for the Court to determine if diversity jurisdiction exists. Therefore, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

Plaintiff's Motion to Amend Complaint and Stay Ruling on Motion to Dismiss is **DENIED**. Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's case is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED** this 13th day of April, 2017.

<u>*s/John T. Fowlkes, Jr.*</u>
John T. Fowlkes, Jr.
United States District Judge